## BIG HORN POWER COMPANY v. MARTIN.
(No. 757; Decided October 16th, 1916; 160 Pac. 334.)

CONDEMNATION PROCEEDINGS—EMINENT DOMAIN—ABANDONMENT OF PROCEDURE—AGREEMENT FOR UNCONDITIONAL JUDGMENT—WAIVER.

1. Where in proceedings for the condemnation of land after the report of commissioners to assess compensation had been filed, an unconditional personal judgment was entered by agreement of the parties in favor of the owner and against the petitioner for the amount assessed by the commissioners and the statutory procedure abandoned, the owner agreeing to deliver a deed upon payment of the judgment and that execution should not issue within sixty days, the owner, after so electing to accept a judgment lien upon all property of petitioner within the county, with right of enforcement by execution, cannot thereafter assert a right of action for damages for flooding his land, as the agreement entitled petitioner to immediate possession of and the right to flood the land.

2. The court cannot properly enter judgment upon the verdict of a jury fixing the amount of damages in a proceeding to condemn land for reservoir purposes, but should confirm the verdict. Upon payment or deposit of the amount found as damages a court order entered, as provided by Comp. Stats. 1910, Section 3882, vests title and right of possession in the petitioner. But until such payment or deposit has been made, the party seeking to condemn the property may discontinue the proceedings. Neither the right to possession by the condemnor, nor title to the property passes to him, until actual payment or deposit has been made, except as provided by Comp. Stats. 1910, Sections 3884, 3885 and 3886.

ERROR to District Court, Fremont County; HON. CHARLES E. WINTER, Judge.

Action by Frank E. Martin against the Big Horn Power Company. Judgment for plaintiff and defendant brings error. The facts are stated in the opinion.

*E. H. Fourt,* for plaintiff in error.

Defendant in error having elected to take a judgment for the payment of money only against plaintiff in error is estopped thereby from further harrassing and annoying the company with suits; an election of remedies once made with knowledge of the facts between co-existing remedial rights, which are inconsistent, is irrevocable and constitutes a bar to another suit based upon remedial rights inconsistent with that asserted by the election. (15 Cyc. 262.) At the date of judgment Martin had the right to relief under the condemnation statute, but he elected to take a general judgment for money only, which is a lien upon the company's property; the matters presented here are *res adjudicata.* All causes of action merged in the judgment. (Price v. Bank, 64 Pac. 637; J. I. Case Co. v. Sires, 58 Pac. 209 (Wash.); Madison Live Stock Co. v. Osler, 102 Pac. 325; Remington Co. v. Hudson, 67 Pac. 636; Blaker v. Morse, 55 Pac. 274; Olympic Oil Co. v. Kune, 105 Pac. 477.) When the law gives several means of redress predicated on conflicting theories, the election of one operates as a bar to

the subsequent adoption of others. (Herbert v. Wagg, 117 Pac. 209 (Kansas); Missouri Pac. Ry. Co. v. Henry, 65 Pac. 665 (Kansas); Newell v. Young, 109 Pac. 801; Kendall v. Stokes, 3 Howard, 87, 11 L. Ed. 506; Ulrich v. Bigger, 106 Pac. 1073; Caldwell v. Bigger, 90 Pac. 1095; Gabrielson v. Hague Bros. Lumber Co., 104 Pac. 635.) Equity will not interfere against a judgment, and where one elects to proceed at law, he is held to that election and precluded from a hearing in equity in the absence of fraud or accident. (Garvin v. Squire, 9 Ark. 533, 50 Am. Dec. 224; Perkins v. Lynne, 1 Mass. 76; Hite v. Long, 6 Randolph, 457, 18 Am. Dec. 719.) Martin having by stipulation secured a judgment for payment of money and reaped the advantage of having a general lien against defendant's property is bound by that proceeding and is not entitled to an order restraining defendant from the use and benefit of the property.

*L. E. Winslow* and *B. H. Stone,* for defendant in error.

There is no contention made in the pleadings or evidence that the plaintiff in error ever acquired title to the lands, nor that it had the right or permission to take or submerge the lands; they assert the right to take and keep the land without compensation; a proper mode of enforcing payment indirectly is by injunction enjoining the use of the land taken until the compensation is paid. (Thornton v. Sheffield &c. R. R. Co., 84 Ala. 109, 4 So. 197; Mobile &c. Ry. Co. v. Fowle Lbr. Co., 152 Ala. 320, 44 So. 471; Fla. So. R. R. Co. v. Hill, 40 Fla. 1, 23 So. 566; Young v. Harrison, 6 Ga. 130; Grammage v. Georgia So. R. R. Co., 65 Ga. 614; Richards v. Des M. Valley R. R. Co., 18 Ia. 259; Hibbs v. Chi. & S. W. Ry. Co., 39 Ia. 340; Irish v. Burlington & S. Ry. Co., 44 Ia. 380; Harness v. Chesapeake & O. C. Co., 1 Md. Ch. 248; Wight v. Packer, 114 Mass. 473; Ewell v. Eastern R. R. Co., 124 Mass. 160, 114 Mass. 160; Lohman v. St. P. S. &c. R. R. Co., 18 Minn. 174; Stewart v. Raymond R. R. Co., 7 S. & M. 568; Evans v. Missouri, I. & N. Ry. Co., 64 Mo. 453; Provolt v. C. R. I. & P. R. R.

Co., 69 Mo. 633; Ray v. Atchison & N. R. R. Co., 4 Neb. 439; Omaha & N. W. R. R. Co. v. Menk, 4 Neb. 21; Monmouth Co. v. Red Bank & H. T. Co., 18 N. J. Eq. 91; White v. Nashville R. R. Co., 55 Vt. 438; Kittell v. Missisquoi R. R. Co., 56 Vt. 96; Sturtevant v. Milwaukee &c. R. R. Co., 11 Wis. 63; Davis v. La Crosse & Miss. R. R. Co., 12 Wis. 16; Gillman v. Sheboygan & Fond du Lac R. R. Co., 40 Wis. 653; Stolze v. Milwaukee &c. R. R. Co., 104 Wis. 47, 80 N. W. 68; same v. same, 113 Wis. 44, 88 Wis. 919; Cosens v. Bogner Ry. Co., 36 N. J. Eq. 104; Strattan v. Gt. Western &c. Ry. Co., 40 N. J. Eq. 50.) If the compensation is unpaid an injunction may be granted restraining the completion or operation of the road. (Bohlman v. Ry. Co., 40 Wis. 157-169; Sherman v. R. R. Co., id. 645; Gillman v. R. R. Co., id. 653.) Unless the damages occasioned by the flowage are paid the owner's remedy is by bill in equity to abate. (Wilmington Water Power Co. v. Evans, 166 Ill. 548, 46 N. E. 1083; Smith v. Olmstead, 6 Blackf. 36; Ackerman v. Horicon I. Mfg. Co., 16 Wis. 150; Zewig v. Horicon I. Mfg. Co., 17 Wis. 362; Newell v. Smith, 26 Wis. 582.) The fixing of the damages by arbitration and award is as conclusive as if established in a proceeding at law. (Ackerman v. Mfg. Co., 16 Wis. 151; Angell Water Courses, par. 445.) The company has no right under the law to overflow land not belonging to it without paying damages.

Beard, Justice.

On May 31, 1909, The Big Horn Power Company, a corporation, plaintiff in error, commenced a proceeding in the district court of Fremont County to condemn for reservoir purposes a tract of land situated in said county, containing 167.17 acres, and owned by Frank E. Martin, defendant in error. On June 1, 1909, said court appointed commissioners to ascertain and determine the compensation to be paid to the owner for the taking of said land for said purposes. Said commissioners duly qualified, and on June 10, 1909, filed in said court their report and certificate of assessment,

by which they assessed the value of the land at twenty dollars per acre, and that Martin be allowed to remove his improvements thereon. June 24, 1909, the Power Company filed in said court its exceptions to the report and certificate of the commissioners, and on the same day filed its application for a trial by jury. It is admitted that these proceedings were regularly and legally conducted under the statute. December 6, 1909, the parties, by their respective counsel, entered into and filed in said court their agreement in writing, by which the Power Company withdrew its exceptions to the report of the commissioners, and its application for a trial by jury, and admitted that Martin's damages for the taking of said land was the sum of $3,343.40, for which sum, with costs of the proceeding, judgment should be entered against it in favor of Martin. That Martin accepted the award of the commissioners; and that, upon the payment by the Power Company of said award, $3,343.40, interest and costs, he would execute and deliver to the Power Company a deed to said lands, and that execution should not issue on said judgment for sixty days from said date. That the report and certificate of the commissioners be confirmed by the court.

On the same day the court, after reciting at length the proceedings had in the matter up to that time, and that said proceedings had been regular and in compliance with law, entered judgment as follows: "It is therefore considered, ordered, adjudged and decreed by the court, that the report of said commissioners be, and the same is hereby in all respects confirmed. And the court being fully advised in the premises, finds that the value of the real estate, in controversy, is the sum of three thousand three hundred forty-three and 40/100 dollars. That the parties by their respective attorneys have stipulated in writing, that judgment in the sum of $3,343.40 in favor of the defendant, Frank E. Martin, may be entered by the court. It is therefore considered, ordered, adjudged and decreed by the court that the said Frank E. Martin do have and recover of and from the

said Big Horn Power .Company, the full and just sum of $3,343.40 and that the said Big Horn Power Company pay the costs herein, now taxed at $————.

"Done in open court, this 6th day of December, A. D. 1909."

It appears by the evidence that the dam in the stream was completed in 1909, causing the land in question to be flooded.

This action was commenced April 5, 1912, by Martin against the Power Company, alleging the commencement of the condemnation proceedings, the judgment of December 6, 1909, the non-payment thereof, the construction of the dam and flooding of the land, and claiming damages in the sum of $4,000; that the dam be abated and defendant enjoined from further maintaining the same, and for general relief. By its answer the Power Company pleaded that the judgment of December 6 become *res adjudicata,* and that plaintiff was thereby estopped from maintaining the action.

On the trial the court found generally in favor of plaintiff and against the defendant, and after reciting the proceeding leading up to, and the entering of the judgment of December 6, the non-payment of the same, the construction of the dam and flooding of said land, and that the same was without the consent of plaintiff and without right, entered a decree as follows:

"Wherefore, it is by the court considered, ordered and adjudged that the defendant, the Big Horn Power Company, its successors in interest, and the agents, servants and employees and each and all of them and all persons claiming or to claim by, through or under them, be and they are hereby enjoined from making any use of said dam for beneficial purposes and are restrained and enjoined from using or operating the machinery in said dam for the generation of electricity or any other beneficial use until the full amount of said judgment of $3,343.40 with interest and costs be fully paid and satisfied, and the said defendant herein is now and hereby required to forthwith open all gates, spill-ways and waste-ways that may be in the said dam and to so open

and keep open all such gates, spill-ways and waste-ways in said dam as to afford the least possible obstruction to the waters of the Big Horn River and to permit as much of said waters to escape as will flow through said openings in said dam, and this order of injunction is hereby made permanent and perpetual and to remain in full force and effect until said described judgment with interest and costs be fully paid, together with the costs of this action now taxed against the defendant in this cause in the sum of $41.15, for which judgment is rendered. To which findings and judgments the defendant excepts. Done in open court at Lander, this 29th day of June, A. D. 1912."

From that judgment defendant brings error.

As stated by counsel for plaintiff in error, "The real question before this court is whether or not the defendant in error, Frank E. Martin, having elected to take a judgment for the payment of money only, against the plaintiff in error, has elected that remedy, and is estopped thereby from further harrassing and annoying the company with suits." Had the parties proceeded under the statute for the condemnation of real estate, after exceptions to the report of the commissioners had been filed and a jury trial demanded, and had a verdict been returned fixing the amount of damages, the court could not properly have entered judgment against the Power Company, for the amount so found, but could simply have confirmed the verdict; and upon due proof that the amount so found had been paid or deposited, should then have entered an order as provided in Section 3882, Compiled Statutes, 1910, which order is required to contain a description of the property, the fact of the ascertainment of compensation, with the manner of making it, and the payment or deposit of the same according to the facts. The statute provides that when such order is entered (a certified copy of which is to be filed in the office of the county clerk) the petitioner shall become seized in fee of the property. Under those provisions of the statute, until such payment or deposit has been made, the party seeking to

condemn the property may discontinue the proceedings. (Ann. Cases 1913E, 1062 et seq.) And when the proceedings are conducted to a conclusion in accordance with the statutory provisions, neither the right to possession by the condemnor, nor title to the property passes to him until actual payment or deposit has been made, except as provided by Section 3884, 3885 and 3886, Comp. Stat. 1910. In the present case the statutory procedure was not followed to a conclusion, but was abandoned by agreement of the parties after the filing of exceptions to the report of the commissioners and application for a jury trial. When the property of one is subject to be condemned and taken by virtue of the power of eminent domain, there is nothing in the constitution or statute which limits or restricts the right of the owner of the property and the party desiring it, either before or after the commencement of condemnation proceedings, to agree upon the amount of compensation, or the manner in which it shall be paid or secured. But if they do not so agree, then the statute points out the method by which the compensation shall be determined and when and how it shall be paid or secured. Martin, by agreeing upon the amount of compensation avoided the liability of having the amount awarded by the commissioners reduced by the verdict of a jury; and by electing to take an unconditional personal judgment against the Power Company, instead of concluding the proceedings under the statute, thereby secured a lien upon all of the real estate of the Power Company within the county, and the right to enforce payment of the judgment by a general execution. By agreeing that such a judgment should be entered against it, the Power Company waived its right to refuse to pay the amount, even if it should conclude to abandon the project and not take the property. The agreement and judgment entered in pursuance thereof, entitled the Power Company to the immediate possession of and the right to flood the land, although the legal title was to remain in Martin until the judgment should be paid. Martin having voluntarily aban-

doned his rights under the statute, and having elected to otherwise secure the payment of his damages, cannot now be permitted to assert a right which he waived and upon which waiver the Power Company acted. Counsel for defendant in error has cited numerous decisions to the effect that property cannot be taken under condemnation proceedings until payment is actually made or secured as provided by law. But those cases are not applicable here, where the statutory proceedings were not followed to a conclusion, but were abandoned by agreement and another method substituted therefor.

For the reasons above stated the judgment of the district court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.        *Reversed.*

POTTER, C. J., concurs.

SCOTT, J., did not participate in this opinion.